UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00514-SSS-BFM | Date | February 9, 2026 |
| Title | *Eustaquio Rosendo Tehuitzin et al v. Kristi Noem et al.* | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PETITIONERS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. NO. 5]**

Before the Court is Petitioners' ex parte Application for a Temporary Restraining Order ("TRO") filed on February 5, 2026 in conjunction with their Petition for Writ of Habeas Corpus. [Dkt. No. 5, "Application"]. Respondents filed their Opposition to the TRO on February 7, 2026. [Dkt. No. 9, "Opp."]. Petitioners submitted their Reply shortly thereafter. [Dkt. No. 10].

Respondents do not contest Petitioners' membership in the Bond Eligible Class in *Bautista v. Santacruz*.[1] Consistent with the Final Judgment in *Bautista*, Petitioner is entitled to an individualized bond hearing. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18,

---

[1] The Court notes that Respondents contested the membership of one Petitioner, positing that this individual was subject to mandatory detention under 8 U.S.C. § 1226(c). [Opp. at 2]. However, as Respondents concede, this issue can be addressed at a bond hearing. [*Id.*]. Based on the record before the Court at this time, all Petitioners appear to be members of the Bond Eligible Class.

2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

Respondents are precluded from relitigating the issue of whether each Petitioner, as a member of the Bond Eligible Class in *Bautista*, is entitled to the relief requested in the TRO. As such, the TRO is **GRANTED**. [Dkt. No. 5].

The Court **ORDERS** the following:

- Respondents are enjoined from continuing to detain Petitioners unless they are provided with individualized bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order;

- Respondents are enjoined from transferring, relocating, or removing Petitioners from the Central District of California without further order of the Court and pending final resolution of this litigation.

This Order shall be in effect **until February 20, 2026**. The Court **ORDERS** Respondents **TO SHOW CAUSE** as to why a preliminary injunction should not issue. Respondents must include in their Response an explanation as to why they continue to detain members of the Bond Eligible Class in violation of the Court's final judgment in *Bautista*. Respondents shall file their response by **Friday February 13, 2026**, and Petitioners shall file any reply by noon on **Wednesday February 18, 2026**.

The Court **SETS** a hearing in person on whether a preliminary injunction should issue on **February 20, 2026 at 2:00 PM,** in Courtroom 2, on the 2nd Floor of the George E. Brown, Jr. Federal Building and United States Courthouse at 3470 Twelfth Street, Riverside, California 92501.

**IT IS SO ORDERED**.